UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER S. MANN**
  **Plaintiff**

**VERSUS**

**ACCOUNTS RECEIVABLE
TECHNOLOGIES, INC.**
  **Defendant**

**DOCKET NO.**

**JUDGE.**  **SECTION**

## COMPLAINT

Plaintiff, Christopher S. Mann, a person of the full age of majority and a citizen of the United States residing within the Eastern District of Louisiana, brings this action against Defendant, Accounts Receivable Technologies, Inc. and avers the following:

1.

Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et. seq.* (FDCPA.)

2.

Jurisdiction is based upon 15 U.S.C. 1692k(d) which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy."

3.

Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) as a substantial part of the events giving rise to this claim occurred in this District.

4.

Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and, according to Defendant, Plaintiff allegedly owed a debt as that term is defined by 15 U.S.C. § 1692a(5).

5.

Defendant is a New Jersey corporation with its principal place of business in Woodbridge, New Jersey.

6.

Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and sought to collect a consumer debt from Plaintiff.

7.

On November 23, 2010, Plaintiff received a telephone call at his place of employment from George Smith, an employee of Defendant.

8.

The stated purpose of the telephone call was to collect a debt, allegedly owed by Plaintiff, related to Plaintiff's lease of a vehicle from GMAC, which lease had ended in November 2009.

9.

During the November 23, 2010 telephone conversation, Plaintiff informed Defendant that the validity of the alleged debt was in dispute and/or had already been paid in full and offered to provide documentation to that effect.

10.

On November 24, 2010, Plaintiff sent a letter by fax to Defendant confirming what was discussed during the November 23, 2010 telephone call, providing Defendant with relevant correspondence regarding the dispute about the alleged debt, and again disputing the validity of the debt.  A copy of this letter and attachments is attached as Exhibit 1.

11.

Plaintiff's November 24, 2010 letter was sent by fax to both George Smith, the Defendant's employee who contacted Plaintiff on November 23, 2010, and Frank Russo, who on information and belief is one of the principals of Defendant.  These faxes were received by Defendant on November 24, 2010 at 8:36 a.m. and 8:40 a.m., respectively.  A copy of the fax confirmation sheets is attached as Exhibit 2.

12.

On November 27, 2010, Plaintiff received a letter from Defendant attempting to collect the disputed debt.  This letter was dated November 24, 2010, the day after Plaintiff verbally disputed the debt with Defendant and the same day that Plaintiff disputed the debt in writing, the latter of which was received by Defendant prior to 9:00 a.m.  A copy of Defendant's November 24, 2010 letter is attached as Exhibit 3.

13.

On November 30, 2010, Plaintiff responded to Defendant's November 24, 2010 letter, providing a copy of the correspondence that had previously been sent to

Defendant, and again formally disputing the validity of the alleged debt.  A copy of Plaintiff's November 30, 2010 letter is attached as Exhibit 4.

14.

This letter was sent by Certified Mail and was received by Defendant on December 6, 2010.  A copy of the Certified Mail receipt is attached as Exhibit 5.

15.

At no time, including between December 6, 2010 and January 17, 2011, a period of more than thirty (30) days, did Defendant provide Plaintiff with verification of the alleged debt and/or the name and address of the original creditor as required by the FDCPA.

16.

During the week of January 17, 2011, Defendant placed several phone calls to Plaintiff's residence at various hours of the day and night.  During at least one of these phone calls, Plaintiff's wife informed Defendant that the alleged debt was in dispute and had been formally disputed with Defendant in writing.

17.

On Saturday, January 22, 2011, Defendant again called Plaintiff's residence attempting to collect the alleged debt.  During this conversation, Plaintiff informed Defendant's representative, who would only identify herself as Ms. Bolden, that the alleged debt was in dispute and/or had already been satisfied; that Plaintiff had already disputed the validity of the alleged debt both verbally and in writing which notice had been received by Defendant; that despite the passage of thirty (30) days, Defendant had failed to provide any confirmation of the alleged debt in violation of the FDCPA; and that

Defendant's repeated attempts to collect the alleged debt were in direct violation of the FDCPA.

18.

On Monday, January 24, 2011, Plaintiff sent Defendant a letter providing a detailed accounting of Plaintiff's history of disputing the alleged debt with Defendant and again informing Defendant that its actions were in violation of the FDCPA. A copy of Plaintiff's January 24, 2011 letter is attached as Exhibit 6.

19.

A copy of the fax confirmation sheet confirming that Defendant received Plaintiff's January 24, 2011 letter is attached as Exhibit 7.

20.

Defendant violated Section 1692g(b) of the FDCPA by failing to cease collection of the alleged debt after Plaintiff notified Defendant in writing, on more than one occasion, that the alleged debt was in dispute and by failing to provide Plaintiff with verification of the debt and/or the name and address of the original creditor as required by the FDCPA.

21.

Defendant violated Section 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass or otherwise abuse the Plaintiff.

22.

Defendant's willful and repeated violations of the FDCPA entitle Plaintiff to all actual damages, statutory damages of $1,000.00 as well as all costs and reasonable attorney's fees associated with Plaintiff's bringing this action.

WHEREFORE, Plaintiff, Christopher S. Mann, prays that the above and foregoing Complaint be deemed good and sufficient and that after due proceedings are had, judgment be entered against Defendant, Accounts Receivable Technologies, Inc., for all damages to which Plaintiff is entitled, including actual damages, statutory damages of $1,000.00, together with legal interest thereon from the date of judicial demand, and with all costs and attorney's fees associated with this action and for all other appropriate and equitable relief.

Respectfully submitted by:

/s/ Christopher S. Mann_____
CHRISTOPHER S. MANN (#26397)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre L.L.P.
201 St. Charles Avenue, Floor 47
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8332
Facsimile:   (504) 589-8332
E-mail:   cmann@joneswalker.com